NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 31 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CYNTHIA FULLER, | No. 14-36110 |
| Plaintiff-Appellant, | D.C. No. 1:13-cv-00035-JLQ |
| v. | |
| IDAHO DEPARTMENT OF CORRECTIONS; BRENT REINKE; HENRY ATENCIO, | MEMORANDUM * |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
Justin L. Quackenbush, District Judge, Presiding

Argued and Submitted March 6, 2017
Seattle, Washington

Before: GRABER, IKUTA, and HURWITZ, Circuit Judges.

Cynthia Fuller was raped by an Idaho Department of Corrections ("IDOC")

co-worker, Herbt Cruz, whom she had been dating. She sued the IDOC and several

supervisors, alleging violations of Title VII of the Civil Rights Act of 1964, the

Equal Protection Clause, and Idaho tort law. The district court granted summary

---

\* This disposition is not appropriate for publication and is not precedent except
as provided by Ninth Circuit Rule 36-3.

judgment to the defendants on all claims. In an opinion filed today, we vacate that summary judgment insofar as it involved Fuller's claim that a hostile work environment was caused by the IDOC's actions after she was raped. We affirm the summary judgment with respect to Fuller's other claims.

1. Fuller argues that her rapes created a hostile work environment. But, the rapes occurred outside the workplace, and after the IDOC had placed Cruz on leave because of a criminal investigation into other non-workplace conduct. Because Fuller does not claim that Cruz sexually harassed her in the workplace or a related environment, or that he returned to work after the rapes, the district court properly granted summary judgment to the IDOC on this claim. *See Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995) (requiring workplace conduct "sufficiently severe or pervasive to alter the conditions of the victim's employment" (internal quotation marks omitted)).[1]

2. Fuller claims that she was constructively discharged because IDOC

---

[1] The Ninth Circuit cases Fuller cites for the proposition that off-site conduct can contribute to a hostile work environment involve partial workplace conduct or conduct related to job performance. *See Galdamez v. Potter*, 415 F.3d 1015, 1023-24 (9th Cir. 2005); *Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 967 (9th Cir. 2002); *Fuller*, 47 F.3d at 1525-28. Similarly, the out-of-circuit cases that she cites all involve environments akin to the workplace, where the employer controlled how employees spend their off-duty time. *See Lapka v. Chertoff*, 517 F.3d 974, 983 (7th Cir. 2008); *Doe v. Oberweis Dairy*, 456 F.3d 704, 715-16 (7th Cir. 2006); *Ferris v. Delta Air Lines, Inc.*, 277 F.3d 128, 134-35 (2d Cir. 2001); *Parrish v. Sollecito*, 249 F. Supp. 2d 342, 345-46, 352 (S.D.N.Y. 2003).

supervisors declined her request to inform the staff about a sealed protective order she had obtained against Cruz. But, even putting aside the sealed nature of the order, the IDOC had already removed Cruz from the workplace and responded to Fuller's request by informing staff that he was not permitted on the premises, directing them to call a supervisor if he should appear. These actions did not create working conditions "so intolerable that a reasonable person in [Fuller's] position would have felt compelled to resign." *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (internal quotation marks omitted).

3. Fuller argues that she was denied paid administrative leave because of her gender. But, it is undisputed that, for budgetary reasons, the IDOC has not approved any request for paid administrative leave since 2008 under an administrative rule applicable to "unusual" situations. Fuller has not demonstrated that the IDOC's continued refusal to approve leave for her "unusual situation"—as opposed to leave granted to other employees under provisions governing investigations or disciplinary actions—was on account of her gender. *See Hishon v. King & Spalding*, 467 U.S. 69, 75-76 (1984) (requiring that denial of a "privilege" of employment be discriminatory to violate Title VII); *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156-59 (9th Cir. 2010) (requiring evidence that similarly situated males were

treated more favorably).[2]

4. Fuller argues that her supervisor's actions after she reported her rapes amounted to negligent infliction of emotional distress under Idaho law. Because she alleges only "a series of ongoing, discrete events or conduct," rather than a "continuing tort," any claim arising before November 16, 2011, is time-barred. *Cobbley v. City of Challis*, 59 P.3d 959, 962-64 (Idaho 2002) (citing IDAHO CODE § 6-905). And, the district court properly concluded that the actions she alleges that occurred during the limitations period were not unreasonable. *Frogley v. Meridian Joint Sch. Dist. No. 2*, 314 P.3d 613, 624 (Idaho 2013).

**AFFIRMED.**

---

[2] Fuller's equal protection claim against her supervisors fails for the same reasons. *See Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 754 (9th Cir. 2001) (requiring proof of gender discrimination for equal protection claim under 42 U.S.C. § 1983).